**SECURITY SOFTWARE SYSTEMS, INC., Plaintiff,**

v.

**SECURITY SOFTWARE SYSTEMS, LTD., et al., Defendants.**

No. 05 C 3787.

United States District Court, N.D. Illinois, Eastern Division.

Aug. 22, 2006.

Lawrence A. Stein, Kathleen R. Ryding, Mark S. Bishop, Huck, Bouma, Martin, Jones & Bradshaw, P.C., Wheaton, IL, for Plaintiff.

Christopher R. Stadnick, Nicole D. Galli, Pepper Hamilton LLP, Philadelphia, PA, Jeffrey Kosc, Dann Pecar, Newman & Kleiman, Indianapolis, IN, John Sheldon Letchinger, Michael R. Dockterman, Wildman, Harrold, Allen & Dixon, Chicago, IL, for Defendants.

## MEMORANDUM OPINION AND ORDER

MILTON I. SHADUR, Senior District Judge.

On May 3, 2006 this Court issued a brief memorandum opinion and order ("Order," a photocopy of which is attached) that:

1. dismissed codefendant Securus Software Limited from the action be-

cause of the absence of in personam jurisdiction;

2. granted the motion of codefendant Security Software Systems, Ltd. ("Security Limited") to compel arbitration pursuant to Paragraph 16 of the April 1, 2001 Agreement between Security Limited and plaintiff Security Software Systems, Inc. ("Security, Inc.") and stayed this action pursuant to the directive of the Federal Arbitration Act embodied in 9 U.S.C. § 3;[1] and

3. set a status hearing for 9 a.m. yesterday (August 21).

When that status date arrived—fully 3–1/2 months later—Security, Inc.'s counsel (1) advised that he and his client had done nothing toward entering into the arbitration that this Court had ordered and (2) announced his intention to follow his client's direction to take an appeal from the Order. Security Limited's counsel also confirmed the total inaction on the arbitration front on the part of Security, Inc. during the post-Order period.

It is always troublesome when any lawyer frames an intended course of action as one that has been directed by the client, rather than one undertaken as an exercise of the lawyer's own legal judgment. And here Security, Inc.'s counsel's questionable pronouncement of a contemplated appeal appears doubly problematic, giving rise to the possible prospect of triggering sanctions against the client under Fed.R.Civ.P. ("Rule") 11(b) and against counsel under both that Rule and 28 U.S.C. § 1927.

It has not been disputed here that Security Limited and Security, Inc. contracted to submit the dispute at issue in this litigation to arbitration. That being so, the provisions of Section 16 set the rules for any potential appeal:

(a) An appeal may be taken from—

1. Further citations to that statute will simply take the form "Section—."

(1) an order—

(A) refusing a stay of any action under section 3 of this title,

(B) denying a petition under section 4 of this title to order arbitration to proceed,

(C) denying an application under section 206 of this title to compel arbitration,

(D) confirming or denying confirmation of an award or partial award, or

(E) modifying, correcting, or vacating an award;

(2) an interlocutory order granting, continuing, or modifying an injunction against an arbitration that is subject to this title; or

(3) a final decision with respect to an arbitration that is subject to this title.

(b) Except as otherwise provided in section 1292(b) of title 28, an appeal may not be taken from an interlocutory order—

(1) granting a stay of any action under section 3 of this title;

(2) directing arbitration to proceed under section 4 of this title;

(3) compelling arbitration under section 206 of this title; or

(4) refusing to enjoin an arbitration that is subject to this title.

Whatever confusion once existed as to the appealability of orders *directing* arbitration (as the Order here did) was definitively eliminated by the Supreme Court's decision in *Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 121 S.Ct. 513, 148 L.Ed.2d 373 (2000). What *Green Tree* decided was that the Section 16(a)(3) reference to "a final decision with respect to an arbitration" embraced an order that directed the parties' dispute to be resolved by arbitration, so that it "disposed of the entire case on the merits and left no part

of it pending before the court" (*id.* at 86–87, 121 S.Ct. 513). And as the direct corollary of that holding, the Court went on to say (*id.* at 87 n.2, 121 S.Ct. 513 (emphasis added)):

> Had the District Court entered a stay instead of a dismissal in this case, that order *would not* be appealable. 9 U.S.C. § 16(b)(1).

Here Order at 3 followed this Court's express directive that the parties must proceed to arbitration with an equally express statement that "this action is stayed pursuant to 9 U.S.C. § 3." That of course impales Security, Inc. on one of the two horns of a classic dilemma. If the Order, despite its provision for a stay and despite the unambiguous message on that score delivered by *Green Tree*, were somehow viewed as "a final decision with respect to an arbitration," it would have become immediately appealable under Section 16(a)(3)—so that any appeal taken *now* would clearly be out of time. If instead the Order constituted an "interlocutory order favorable to arbitration" (*Green Tree*, 531 U.S. at 86, 121 S.Ct. 513), it was and is also barred from any present appeal, this time under Section 16(b)(1) and the above-quoted n. 2 from *Green Tree*.

Either way, it seems clear that Security, Inc. and its counsel cannot pursue an appeal from the Order in good conscience. They are ordered to show cause on or before September 1, 2006 why either or both should not be held in contempt of the Order and why sanctions should not be imposed under Rule 11(b) or 28 U.S.C. § 1927 or both. In the meantime, this Court vacates the order that was entered yesterday setting a briefing schedule and status date for an anticipated motion by Security Limited, substituting instead a status hearing at 9 a.m. September 5, 2006.

*AMENDMENT TO MEMORANDUM*
*OPINION AND ORDER*[2]

At the conclusion of the Opinion this Court directed Software, Inc. and its counsel to show cause why either or both of them should not be sanctioned for violation of the Order. Although the Opinion framed the possible imposition of sanctions in part by reference to Rule 11(b), this Court's current examination of the case docket reveals that Software, Inc. has made no filings since the entry of the Order (instead the violation of the Order has taken the form of inaction rather than action).

By definition that takes the possible invocation of Rule 11(b) and 11(c) out of play, so that the Opinion must be and is amended to identify this Court's inherent power rather than that Rule as a potential source for imposing sanctions if the show-cause order produces an unsatisfactory response. Until the response is in hand it is of course premature to consider whether sanctions may be appropriate or the form that sanctions should take if they are indeed imposed, but as to the responsibility of counsel regarding the nonappealability of the Order attention is directed to our Court of Appeals' opinion in *McCandless v. Great Atl. & Pac. Tea Co.*, 697 F.2d 198, 201 (7th Cir.1983)("Unlike a party, an attorney should be able to do the necessary research to evaluate properly the merits of the claim").

---

**2.** All defined terms in this Court's August 22 memorandum opinion and order ("Opinion") will be employed here as well, without the need for redefinition.